

**FEDERAL PUBLIC DEFENDER**
**FOR THE DISTRICT OF ALASKA**
188 W. NORTHERN LIGHTS BLVD., SUITE 700
ANCHORAGE, ALASKA 99503

Phone: (907) 646-3400
Fax: (907) 646-3480
Website: http://ak.fd.org

May 21, 2024

Via ECF
Molly C. Dwyer, Clerk of Court
Office of the Clerk
United States Court of Appeals, Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *United States v. Joel Ryno,* Case No. 23-3426

Ms. Dwyer:

Pursuant to Fed. R. App. Pro 28(j), Mr. Ryno submits this notice of supplemental authority.

In *United States v. Duarte*, --- F.4th ----, No. 22-50048, 2024 WL 2068016 (9th Cir. May 9, 2024), a panel of this Court held that the offense of Felon in Possession of Firearm or Ammunition in violation of 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment as applied to persons whose predicate convictions are not "distinctly similar" to Founding-era felony analogues which would have been punishable either with execution, life imprisonment, or permanent forfeiture of the offender's estate. *Id.* at *24.

In this case, Mr. Ryno argues that the offense of Possession of Firearm or Ammunition by a Prohibited Person in violation of 18 U.S.C. § 922(g)(9) is unconstitutional, both facially and as applied. As alleged in the indictment, Mr. Ryno was prohibited from possessing firearms or ammunition by virtue of two prior Alaska convictions for fourth-degree misdemeanor assault. The government has never alleged that

any of Mr. Ryno's convictions would have qualified as a felony at the time of the Founding (or for that matter under existing law). By every measure, the holding of *Duarte* vindicates Mr. Ryno's argument that § 922(g)(9) lacks an historical analogue that complies with the history-and-text standard announced in *Bruen*.

Accordingly, Mr. Ryno asks that the Court reverse the district court and dismiss the indictment with prejudice.

Sincerely,

Daniel F. Poulson
Assistant Federal Defender

Cc: all counsel of record via CM/ECF